UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Chukwu Azubuko,
    Plaintiff,

v.

Yoram Management, Inc., et al.,
    Defendants.

No. 3:00-cv-1679 (SRU)

RULING AND ORDER

The plaintiff, Chukwu Azubuko, moves under Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment. Azbuko first filed a claim before this court in 2000. At that time, he alleged that a Massachusetts court had unlawfully denied him relief in a tort action against Yoram Management Inc. and Liberty Mutual Insurance Company. This court dismissed the suit on January 31, 2001. Azubuko now argues that the court's dismissal was unlawful and asks that his case be reconsidered. For the following reasons, his motion is DENIED.

Rule 60 grants courts the discretion to set aside a final judgment in "exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). The Rule lists six reasons that a court may award relief, and states that a motion for relief must "be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(c). In this case, Azubuko filed his motion ten years after the initial judgment. He is clearly prohibited from relying on subsections 1-3 of the Rule, and would have to proffer some extraordinary and unforeseeable change in circumstances for his delay to be reasonable under subsections 4-6.

Azubuko offers no new evidence or change in law to justify his decade-long delay.  Given that Azubuko's motion is untimely, this court must deny his request for relief.

Defendants have asked this court to prohibit plaintiff from filing any additional actions in the District of Connecticut without first obtaining permission from the court.  Judge Vanessa L. Bryant has already issued such an order, and a new order would only be duplicative. *See Azubuko v. United States*, No. 3:09cv1818 (VLB), slip op. at 2 (D. Conn. April 29, 2009).  But plaintiff should take heed of Judge Bryant's decision, and note that any new litigation filed without express permission from a federal judge may result in monetary sanctions.

It is so ordered.

Dated at Bridgeport, Connecticut, this 1 day of November 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge